**Aida ABDELLA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–73645.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 18, 2004.

Dario Aguirre, Esq., San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Blair T. O'Connor, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

## MEMORANDUM **

Aida Abdella, a native and citizen of Ethiopia, petitions for review of the Board of Immigration's order summarily affirming an Immigration Judge's ("IJ") denial of her application for asylum, withholding *of removal, and relief under the Convention* Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and we grant the petition.

Because the IJ's adverse credibility determination is based on speculation, conjecture and minor inconsistencies concerning the manner and circumstances under which Abdella traveled to the United States from Ethiopia and crossed the Mexico–United States border, we conclude that the IJ's determination is not supported by substantial evidence. *See Zi Lin Chen v. Ashcroft,* 362 F.3d 611, 617 (9th Cir.2004) (noting that an adverse credibility determination must be based on a "specific, cogent reason for any stated disbelief") (citation omitted); *see also Salaam v. INS,* 229 F.3d 1234, 1238 (9th Cir.2000) (per curiam) ("This Court reverses an adverse credibility determination that is based on 'speculation and conjecture' and is not supported by evidence in the record.") (citation omitted).

We remand to the BIA for further proceedings to determine whether Abdella has established eligibility for asylum, withholding of removal, and relief under the CAT in light of her credible testimony. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Petition for review GRANTED; REMANDED with instructions.

KOZINSKI, Circuit Judge, dissenting.

Petitioner's story of how she came to the United States and unwittingly crossed the United States border at Tijuana without inspection or travel documents of any kind is wholly implausible. The IJ got it exactly right. I would deny the petition.